# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Dawud Rahim, | ) |
|                                    Plaintiff, | ) Civil Action No.: 0:16-02440-JMC |
| v. | ) **ORDER** |
| The South Carolina Department of Probation, Parole and Pardon Services, | ) |
|                                    Defendant. | ) |

This matter is before the court upon review of Magistrate Judge Paige J. Gossett's Report and Recommendation ("Report"), filed on August 29, 2016, recommending that Plaintiff Dawud Rahim's *pro se* 42 U.S.C. § 1983 action be summarily dismissed for failure to sue a party that is amenable to suit. (ECF No. 16.) This review considers Plaintiff's objections to the Magistrate Judge's Report, filed September 19, 2016. (ECF No. 18.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.

Plaintiff was advised of the right to file objections to the Report. (ECF No. 16.) In his timely Response to the Report, Plaintiff specifically objected to the Magistrate Judge's recommendation that the Complaint be dismissed for lack of jurisdiction. (ECF No. 18 at 4.)

The court has conducted a *de novo* review of the issues in this case and concludes that the

1

Magistrate Judge has properly applied the applicable law. The court specifically reviewed those conclusions of the Magistrate Judge which were mentioned in Plaintiff's objections.

The Magistrate Judge properly determined that this court should dismiss Plaintiff's Complaint because this court does not have jurisdiction over a suit against a state agency. (ECF No. 16 at 3-4.) The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities"). Unless a state has consented to suit or Congress has waived a State's immunity pursuant to the Fourteenth Amendment, a state (and its agencies) may not be sued in federal or state court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not abrogated the states' sovereign immunity under § 1983, Quern v. Jordan, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e) (2017). The South Carolina Department of Probation, Parole, and Pardon Services is a State agency. S.C. Code Ann. § 24-21-10 (2017); see Graham v. Webber, 2016 U.S. Dist. LEXIS 12290, at *10-11 (D.S.C. Jan. 7, 2016) (holding that members of the South Carolina Department of Probation, Parole, and Pardon Services are entitled to Eleventh Amendment immunity).

Plaintiff specifically objected to the Magistrate Judge's recommendation that the Complaint be dismissed for jurisdictional reasons. (ECF No. 18 at 4.) Defendant cites Harlow v. Fitzgerald, 457 U.S 800 (1982), for the proposition that the Eleventh Amendment does not bar a

state agency from being sued. (ECF No. 18 at 4.) However, Harlow does not involve a state agency, but instead involves a claim for qualified immunity on the part of top White House aides from the Nixon administration. Harlow, 457 U.S. at 802. Defendant has thus not cited any relevant legal authority to contradict the Magistrate Judge's conclusions. As the court does not have jurisdiction over Defendant, the court agrees with the Magistrate Judge and concludes that the Complaint should be dismissed.[1]

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report, the court **ADOPTS IN PART** the Report (ECF No. 16) to the extent that it recommends dismissing Plaintiff's Complaint and **REJECTS IN PART** the Report to the extent that it recommends dismissing the Complaint without prejudice and without issuance and service of process.[2] Accordingly, the court **DISMISSES** the Complaint (ECF No. 1) with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 6, 2017
Columbia, South Carolina

---

[1] The court notes that Plaintiff raised other substantive claims in his Complaint and that he specifically objected to the Magistrate Judge's analysis of those claims. However, as the court does not have jurisdiction over Defendant, the court need not analyze any other substantive claims. See Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 778-79 (2000) ("[I]f there is no jurisdiction, there is no authority to sit in judgment of anything else.")

[2] The court notes that cases dismissed for lack of subject matter jurisdiction usually do so with prejudice, as plaintiffs cannot redraft their complaints to overcome sovereign immunity. See Cunningham v. General Dynamics Info. Tech., Inc., 2017 U.S. Dist. LEXIS 66094, at *17-18 (E.D. Va. May 1, 2017) (collecting cases).